**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 02-4387

RONALD SPENCER FAULK, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-122)

Submitted: December 31, 2002

Decided: March 14, 2003

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kenneth W. Ravenell, Erin C. Murphy, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Robert J. Conrad, Jr., United States Attorney, Keith M. Cave, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ronald S. Faulk appeals his conviction and 120-month custodial sentence following his guilty plea to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (2000). Prior to accepting the guilty plea, the district court adopted the magistrate judge's recommendation to deny Faulk's motion to suppress evidence seized during a 1996 traffic stop in Maryland and the search of his mother's apartment immediately following his arrest in New York in 1998. Faulk's plea agreement preserved his right to appeal the district court's suppression determination, and we affirm the denial of his motion to suppress.

This court reviews the factual findings underlying a motion to suppress, including credibility determinations, for clear error, and any legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Murray*, 65 F.3d 1161, 1169 (4th Cir. 1995); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). The factual determination that valid consent to the search was given is also reviewed for clear error. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir.), *cert. denied*, ___ U.S. ___, 71 U.S.L.W. 3389 (U.S. Dec. 2, 2002) (No. 02-7173). The defendant bears the burden of demonstrating a Fourth Amendment violation, *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978), and this court reviews the evidence in the light most favorable to the party prevailing below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Faulk's assertion that two separate Fourth Amendment violations preceded the seizure of five kilograms of cocaine from his car following a 1996 traffic stop in Maryland is unpersuasive. The magistrate judge properly determined that the circumstances surrounding Faulk's travel provided the reasonable and particularized suspicion of criminal activity necessary to extend a valid traffic stop. *See United States*

*v. Brugal*, 209 F.3d 353, 358 (4th Cir. 2000) (en banc). Further, Faulk fails to demonstrate clear error in the magistrate judge's conclusion that he consented to the search of his car and that his testimony to the contrary was not credible. *See Carter*, 300 F.3d at 423; *Murray*, 65 F.3d at 1169.

Similarly, we find no clear error in the magistrate judge's determination that Faulk's mother consented to the search of her apartment immediately following Faulk's arrest there in 1998. The Government presented a signed consent to search form, and we find no clear error in the magistrate judge's conclusion that Faulk's mother's testimony at the suppression hearing denying she signed the consent form was not credible. *See Murray*, 65 F.3d at 1169.

Accordingly, because we find no clear error in any of the magistrate judge's determinations, we affirm the district court's order denying Faulk's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*